IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PATTI KELLEY-BERTELSEN,

                Plaintiff,                           OPINION AND ORDER

    v.

                                                  18-cv-558-bbc

ANDREW SAUL,
Commissioner of Social Security,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On January 9, 2019, I granted the parties' joint motion to remand this case for further proceedings before an administrative law judge, pursuant to sentence four of 42 U.S.C. § 405(g). Dkt. #14. On April 15, 2019, I accepted the parties' stipulation for attorney fees under the Equal Access to Justice Act and awarded plaintiff fees in the amount of $4,300. Dkt. #19. Now before the court is a motion filed by plaintiff Patti Kelley-Bertelsen's counsel, Curtiss Lein, for attorney fees, following a favorable decision from the administrative judge on remand. Dkt. ##24-25. The commissioner does not oppose the motion. Dkt. #26. (I have revised the caption to reflect the fact that Andrew Saul is now the commissioner of Social Security.)

Counsel reports that he and plaintiff have a contingency fee agreement providing for attorney fees amounting to 25 percent of an award of past-due benefits. On remand, the administrative law judge awarded past-due benefits from which the Social Security Administration withheld 25 percent or $16,343.12 for attorney fees. Counsel has submitted an accounting showing 26.15 hours of time spent on plaintiff's case in this court. Pursuant to 42 U.S.C. § 406(b), counsel requests an order awarding him a fee for court work in the amount of $11,443.12 (equal to $16,343.12 less $4,900 in fees sought administratively) to be payable out

of plaintiff's past-due benefits.  Counsel states that he will refund plaintiff the previously awarded EAJA fee of $4,300 after attorney fees are paid under 42 U.S.C. § 406(b).

The requested fee is within the statutory cap and the parties' contingency fee agreement, but the court must nevertheless review it to be sure that it is reasonable in light of the character of the representation and the results obtained; the time, labor, and skill required; the attorney's experience, reputation, and ability; and awards in similar cases.  Gisbrecht v. Barnhart, 535 U.S. 789, 807-09 (2002); McGuire v. Sullivan, 873 F.2d 974, 979-83 (7th Cir. 1989).  Here, the requested award is reasonable.  Counsel seeks a total of $11,443.12 in attorney fees (the previously awarded EAJA fee of $4,300 plus the additional $7,143.12 in 42 U.S.C. § 406(b) fees) for 26.15 hours of work, for an overall average hourly rate of approximately $437.59. District courts in this circuit have awarded representative fees that reflect hourly rates as high as $400 to $1,500.  Koester v. Astrue, 482 F. Supp. 2d 1078, 1083 (E.D. Wis. 2007) (collecting cases ).  Counsel is an experienced attorney who represented plaintiff in this court, reviewed the administrative record, drafted a motion for summary judgment and prompted and negotiated a stipulated remand, which resulted in a favorable determination below.  In addition, defendant does not oppose the motion.  Accordingly, I will grant counsel's motion for attorney fees in the amount of $11,443.12, from which Curtiss  Lein must refund the previously-awarded EAJA fee of $4,300 to plaintiff.


ORDER

IT IS ORDERED that the motion for attorney fees filed by plaintiff's attorney, Curtiss Lein, pursuant to 42 U.S.C. § 406(b), dkt. ##24-25, is GRANTED.  The court approves a

representative fee award of $11,443.12, provided that Attorney Lein refunds plaintiff Patti Kelley-Bertelsen $4,300.

Entered this 13th day of May, 2021.

BY THE COURT:

/s/

_____

BARBARA B. CRABB
District Judge

3